UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIGUEL COCA, et al.,

    Plaintiffs,

v.

CITY OF DODGE CITY, KANSAS, a municipal corporation, et al.,

    Defendants.

Case No. 22-1274-EFM-RES

## SCHEDULING ORDER

On January 13, 2023, U.S. Magistrate Judge Schwartz conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiffs Miguel Coca and Alejandro Rangel-Lopez appeared through counsel Sharon Brett, Jonathan Topaz, Scott Fuqua, Abena Mainoo, Jonathan I. Blackman, and Bernadette Samson Reyes, by phone. Defendants City of Dodge City, Kansas, City Commission of Dodge City, E. Kent Smoll, Michael Burns, Rick Sowers, Chuck Taylor, and Joseph Nuci appeared through counsel Anthony Rupp and Tara Eberline, by phone.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **January 20, 2023** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **January 20, 2023** |
| Jointly filed mediation notice | **January 25, 2023** |
| Produce documentary support for initial disclosures | **February 3, 2023** |
| Motions to amend | **February 24, 2023** |
| Deadline for substantial completion of document productions for fact discovery | **May 1, 2023** |
| Plaintiff's expert reports produced | **May 19, 2023** |
| Defendant's expert reports produced | **June 30, 2023** |
| Supplementation of initial disclosures | **21 days before the deadline to complete all discovery** |
| All discovery completed | **July 31, 2023** |
| Proposed pretrial order due | **August 11, 2023** |
| Pretrial conference | **August 29, 2023, at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **September 22, 2023** |
| Motions challenging admissibility of expert testimony | **September 22, 2023** |
| Trial — ETT 4-6 days | **February 27, 2024, at 9:00 a.m.** |

1.     **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. By **January 25, 2023**, the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. As discussed at the scheduling conference, the parties shall schedule mediation as quickly as practicable. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website:

*http://www.ksd.uscourts.gov/adr-report/.*

2.     **Discovery.**

   **a.**     The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **February 3, 2023**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 21 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for

3

discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

**b.** On or before **May 1, 2023**, the parties must substantially complete document productions for fact discovery. All discovery must be commenced or served in time to be completed by **July 31, 2023**.

**c.** The parties agree that principles of comparative fault do not apply.

**d.** Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: Plaintiff's expert reports must be exchanged by **May 19, 2023**. Defendant's expert reports must be exchanged by **June 30, 2023**. Along with their expert witness disclosures, the parties must provide the other side with multiple confirmed dates on which their experts are available to be deposed. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 7 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

**e.** The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

**f.**     With regard to electronically stored information (ESI) in this case, by no later than **January 27, 2023**, the parties are ordered to meet and confer about a possible ESI Protocol consistent with the District's Guidelines for Cases Involving Electronically Stored Information. If the parties disagree on how ESI will be produced in this case, by no later than **February 3, 2023**, they shall request a discovery conference with the Court pursuant to D. Kan. Rule 37.1(a) by sending a joint email to chambers with a brief, non-argumentative summary of the disagreement and request a discovery conference.

**g.**     Consistent with the parties' agreement, claims of privilege or of protection as trial preparation material asserted after production will be handled as follows: The parties have agreed on the need for a protective order in this case. Consistent with the Guidelines for Agreed Protective Orders for the District of Kansas, the parties' protective order shall address the disclosure of privileged materials. Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

**h.**     To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

- The parties will cooperate in scheduling depositions in accordance with the number and length limits of the scheduling order;
- The parties agree that documents will be served by email on all counsel;
- Documents will be produced on a rolling basis;
- Exhibits will be numbered sequentially; and
- Subject to Rule 26(b)(4)(C), neither side will be entitled to discovery of communications between counsel and experts or draft expert reports.

5

  **i.** No party may serve more than 20 interrogatories, including all discrete subparts, on any other party.

  **j.** All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

  **k.** Discovery will be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **January 20, 2023**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **January 20, 2023**.

  **l.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

  **m.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests,

responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.     Motions**

    **a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **February 24, 2023**.

    **b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **September 22, 2023**.

    **c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

    **d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **September 22, 2023**.

    **e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any

preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.     Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **August 29, 2023, at 10:00 a.m.,** by telephone (888-363-4749; access code 5705809). However, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **August 11, 2023**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_schwartz_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**b.** The parties expect the non-jury trial of this case to take approximately 4-6 trial days. This case is set for trial beginning on **February 27, 2024, at 9:00 a.m.** in Wichita, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's

courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated: January 20, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge