UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIGUEL COCA, et al.,

    Plaintiffs,

v.

CITY OF DODGE CITY, KANSAS, a municipal corporation, et al.,

    Defendants.

Case No. 22-1274-EFM-RES

## PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because discovery in this case will likely involve the disclosure, production, and/or use of private, personal, and/or confidential information, including, but not limited to, information concerning certain Dodge City residents and voters, information held by federal, state, and local governments and their departments and agencies about Dodge City residents and voters (including, but not limited to, information about passports and military photo identification cards), documents containing sensitive personal identifying and contact information, and private information from and about parties and non-parties.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' request, and hereby enters the following Protective Order:

1. **Scope.** All documents and materials produced in the course of discovery in this case, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "Documents"), are subject to this Order concerning Confidential Information as set forth below. However, this Order shall not be construed to cause Counsel in this action to produce, return, destroy, and/or sequester their own work product created in anticipation of or in connection with this action. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. Confidential Information includes not only the designated information contained in source documents and databases, but also (i) testimony, conversations, or presentations by the parties or their counsel that reflect Confidential Information; (ii) any information copied or extracted from Confidential Information; and (iii) reports, summaries, charts or other similar compilations or descriptions, including those prepared by experts or consultants retained by the parties or their counsel, of such information prepared from and including Confidential Information; provided, however, that where the testimony, conversation, presentation, report, summary, chart, or similar compilation or description does not reveal any individualized Confidential Information, it shall not be treated as Confidential

2

Information, and where any portion of the testimony, conversation, presentation, report, summary, chart, or similar compilation or description reveals individualized Confidential Information, the designation shall be limited to that portion.

For purposes of this Order, the parties will limit their designation of Confidential Information to the following categories of information or documents, to the extent such information is not being redacted pursuant to paragraph 3: (a) information or documents confidential under the Kansas Open Records Act, the Federal Freedom of Information Act, K.S.A. 22-4701, et seq. and/or 28 CFR Pt. 20, subpart B; (b) non-public data, confidential data, personal data, financial data, or non-public research that requires the protections provided in this Order, including, but not limited to, information that constitutes confidential information under Federal Rule of Civil Procedure 26(c) or applicable laws or regulations. Information or documents that are available to the public may not be designated as Confidential Information.

**3.     Redactions**.  Any producing party may redact any information protected by attorney-client privilege or the work product doctrine, or personal data not otherwise relevant or necessary in the above-captioned action, that it claims in good faith is required to be redacted under any federal or state data protection laws or other privacy obligations.  For the avoidance of doubt, deposition transcripts may be redacted according to this section.  Any redactions of personal data shall be marked as "PII" or "PERSONAL DATA."  For redacted items that were originally ESI, and to the extent practicable in light of applicable redactions, metadata fields will be provided. Documents redacted for privilege or personal reasons shall be identified as redacted in the load file provided with the production.

**4.     Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by

marking or placing the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney certifies that the document contains Confidential Information as defined in this Order.

5. **For Documents Produced in Native Format.** The producing party shall include the confidentiality designation on the placeholder page.

6. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as the producing party promptly notifies all receiving parties, in writing, of the error and identifies (by production number) the affected material and its new designation. Thereafter, the material so designated shall be treated as Confidential Information in conformity with the new designation. Promptly after providing such notice, the producing party shall provide re-labeled copies of the material to each receiving party reflecting the change in designation. Each receiving party will replace the incorrectly designated material and will return or destroy the incorrectly designated material. To the extent

4

such information may have been disclosed to anyone not authorized to receive Confidential Information under the terms of this Order, the receiving party shall make reasonable efforts to retrieve the Confidential Information material.

  **7.** **Depositions.** Deposition testimony will be deemed Confidential Information only if designated as such when the deposition is taken or within thirty (30) calendar days after receipt of the final deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

  **8.** **Protection of Confidential Material.**

   **(a)** **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

   **(b)** **Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

    (1) The parties to this case, including their employees, agents, and representatives;

    (2) Counsel for the parties, as well as employees, agents of counsel, legal interns, clinical students, or associates of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (3) The court and court personnel, including any special master appointed by the court, and members of the jury;

    (4) Court reporters, recorders, and videographers engaged for depositions;

    (5) Any mediator appointed by the court or jointly selected by the parties;

    (6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such

persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Documents designated as containing Confidential Information shall be maintained in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

9. **Filing Confidential Information.** In the event a party seeks to file any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.2. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating

information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**10.    Challenging a Confidential Designation or PII Redactions.** Any party may challenge the designation of any material or document as Confidential Information pursuant to paragraph 2 of this Order, or redaction of information as PII pursuant to paragraph 3 of this Order. Before filing any motion or objection to a confidential designation or a PII redaction, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation or a PII redaction may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion. The burden of proving the necessity of a confidentiality designation or a PII redaction remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information, and the materials shall be segregated and maintained confidentially by the receiving party until the Court rules on the producing party's claim regarding the privilege or protection.

**11.    Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confi-

dential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**12.    Obligations on Conclusion of Litigation.**

**(a)    Order Remains in Effect.**   Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)    Returning Confidential Documents.**   Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all parties shall make best efforts to return or destroy documents designated as containing Confidential Information, including copies, as defined above, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so within thirty (30) days after this litigation concludes; or (3) material was transmitted electronically and its removal or destruction from a party's electronic systems would be impracticable or would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation. Notwithstanding the foregoing, the receiving party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, including Confidential Information contained in deposition transcripts or Confidential Information contained in draft or final expert reports.

**(c)    Retaining Work Product.**   Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that

refers or relates to designated Confidential Information, pleadings, motion papers, deposition transcripts and exhibits thereto, legal memoranda, and correspondence that were served in this matter or filed with this Court, so long as that work product continues to be treated as confidential. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**13.     Modification.**  This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**14.     Enforcement.**  Even after the final disposition of this case, a party, or any other person with standing concerning the subject matter, may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**15.     No Prior Judicial Determination.**  This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**16.     Persons Bound.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**17.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

18. **Protections Extended to Third-Party's Confidential Information.**  The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

19. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

20. **Disclosure of Information Covered by Attorney-Client Privilege or Work Product, or Personal Data.**  Whether inadvertent or otherwise, the disclosure or production of any personal data or information or document that is subject to an objection based on

attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged, subject to the work-product doctrine, Confidential Information pursuant to paragraph 2 of this Order, or PII pursuant to paragraph 3 of this Order, at a later date.  Any party receiving any such information or document must return it upon request to the producing party.  Upon receiving a request to claw back specific information or documents, the receiving party shall promptly undertake commercially reasonable efforts to destroy or return the information or documents to the producing party and such return or destruction must occur within seven (7) days of receipt of the request, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  For the avoidance of doubt, a receiving party's own work product is not subject to the claw back provisions in this Order.  The receiving party shall provide notice in writing within ten (10) days of receipt of the request to claw back specific information or documents that it has undertaken reasonable efforts to return or destroy the information or documents, shall inform the requesting party as to whether disclosure of the information or documents to other parties or non-parties has been made, and shall not use such items for any purpose until further order of the Court.  Within fourteen (14) business days of the notification that reasonable efforts have been taken to return or destroy the privileged and/or protected material, the requesting party shall produce a privilege log with respect to the privileged and/or protected material.  For the avoidance of doubt, personal data redactions need not be logged.

If, during a deposition, a party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains

11

privileged or protected material, the party may at its sole election (i) allow the document to be used during the deposition without waiver of its claim of privilege and/or protection; or (ii) instruct the witness not to answer questions concerning the parts of the document containing the claimed privileged and/or protected material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains privileged and/or protected material.  If the party allows the examination concerning the document to proceed on a nonwaiver basis, the parties shall return or destroy all copies of the purportedly privileged or protected document.  Immediately following the deposition, the parties will commence the procedure, including the notice and log requirements, outlined in this section to address the claim of privilege and/or protection and any related disputes.  Until any such disputes are resolved, all parties who have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as privileged and/or protected material.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of this Order.

Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review of documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

**21.     Non-Party Proprietary Information.**  To the extent that there is a request to produce documents containing information of a non-party in the above-captioned action that is proprietary and is not relevant in the above-captioned action, the parties agree to meet and confer regarding whether that information may be redacted in document productions.

**IT IS SO ORDERED.**

Dated: January 24, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

| | |
|---|---|
| **WE SO MOVE and agree to abide by the terms of this Order** | **WE SO MOVE and agree to abide by the terms of this Order** |
| Dated: January 19, 2023<br><br>AMERICAN CIVIL LIBERTIES UNION OF KANSAS<br><br>By: */s/ Sharon Brett*<br>Sharon Brett   KS 28696<br>P.O. Box 917 Mission, KS 66201<br>sbrett@aclukansas.org<br>913-490-4100<br>UCLA VOTING RIGHTS PROJECT<br><br>Chad W. Dunn*<br>Sonni Waknin*<br>Bernadette Reyes*<br>3250 Public Affairs Building Los Angeles, CA 90065<br>chad@uclavrp.org<br>sonni@uclavrp.org<br>bernadette@uclavrp.org<br>310-400-6019<br><br>AMERICAN CIVIL LIBERTIES UNION, INC.<br><br>Jonathan Topaz*<br>Sophia Lin Lakin*<br>125 Broad Street, 18th Floor New York, NY 10004<br>jtopaz@aclu.org<br>slakin@aclu.org<br>212-549-2500<br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>Abena Mainoo*<br>Jonathan I. Blackman*<br>JD Colavecchio*<br>Mijin Kang*<br>Elizabeth R. Baggott*<br>One Liberty Plaza New York, NY 10006<br>amainoo@cgsh.com | Dated: January 19, 2023<br><br>FOULSTON SIEFKIN LLP<br><br><br>By: */s/ Anthony F. Rupp*<br>Anthony F. Rupp, KS #11590<br>Tara Eberline, KS #22576<br>Sarah E. Stula, KS #27156<br>7500 College Boulevard, Suite 1400<br>Overland Park, Kansas 66210<br>(913) 498-2100<br>(913) 498-2101 (fax)<br>trupp@foulston.com<br>teberline@foulston.com<br>sstula@foulston.com<br><br>-and-<br><br>FOULSTON SIEFKIN, LLP<br><br>Clayton Kaiser, KS #24066<br>1551 North Waterfront Parkway, Suite 100<br>Wichita, Kansas 67206<br>(316) 267-6371<br>(316) 267-6345 (fax)<br>ckaiser@foulston.com<br><br><br>ATTORNEYS FOR DEFENDANTS |

14

| | |
|---|---|
| jblackman@cgsh.com<br>jdcolavecchio@cgsh.com<br>mkang@cgsh.com<br>ebaggott@cgsh.com<br>212-225-2000<br><br>and<br><br>FUQUA LAW & POLICY, P.C.<br><br>Scott Fuqua*<br>P.O. Box 32015 Santa Fe, NM 87594<br>scott@fuqualawpolicy.com<br>505-982-0961<br><br>ATTORNEYS FOR PLAINTIFFS<br><br>* Admitted Pro Hac Vice | |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIGUEL COCA, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>CITY OF DODGE CITY, KANSAS, a municipal corporation, et al.,<br><br>      Defendants. | Case No. 22-1274-EFM-RES |

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she/they has read the Protective Order attached hereto in the above-captioned case captioned *Coca v. Dodge City*, Case No. 6:22-cv-01274-EFM-RES, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her/them to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

2

Business Address: _____

_____

Date: _____ _____
                          Signature