## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIGUEL COCA, et al.,         )
)
         Plaintiffs,     )     Case No. 6:22-cv-01274-EFM-RES
)
vs.         )
)
CITY OF DODGE CITY, et al.,     )
)
         Defendants.    )

## DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY TO THE STATEMENT OF INTEREST BY THE UNITED STATES

Defendants City of Dodge City, Kansas, the Dodge City Commission, Mayor E. Kent Smoll, Vice-Mayor Michael Burns, Commissioner Rick Sowers, Commissioner Chuck Taylor, and Commissioner Joseph Nuci (collectively, "Defendants") move for leave to file a reply to the Statement of Interest filed by the United States. A true and correct copy of the Reply is attached to this Motion. In support of their Motion, Defendants state as follows:

1.     On January 11, 2023, Defendants filed a Motion to Dismiss for Failure to State a Claim and an accompanying Memorandum in Support. This motion argues, among other things, that Section 2 of the Voting Rights Act (VRA) does not create a private right of action and that Plaintiffs failed to allege a plausible claim for vote dilution under Section 2.

2.     On February 1, 2023, Plaintiffs filed a Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

3.     On February 10, 2023, the United States filed a Statement of Interest, arguing that Section 2 of the VRA provides a private right of action and that Plaintiffs adequately pled their vote dilution claim.

4.     In response to Defendants' Motion to Dismiss, the United States' Statement of Interest raises new counterarguments and caselaw that Plaintiffs did not raise or similarly address in their Memorandum in Opposition.

5.     Defendants respectfully request the opportunity to file the attached reply to the United States' Statement of Interest to address the arguments raised therein, to prevent undue prejudice to Defendants, and to promote a fair resolution of the arguments raised in the Motion to Dismiss.

6.     Plaintiffs have indicated that they object to this motion.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: */s/ Anthony F. Rupp*
    Anthony F. Rupp, KS #11590
    Tara Eberline, KS #22576
    Sarah E. Stula, KS #27156
    7500 College Boulevard, Suite 1400
    Overland Park, Kansas 66210
    (913) 498-2100
    (913) 498-2101 (fax)
    trupp@foulston.com
    teberline@foulston.com
    sstula@foulston.com

    -and-

    Clayton Kaiser, KS #24066
    FOULSTON SIEFKIN, LLP
    1551 North Waterfront Parkway, Suite 100
    Wichita, Kansas 67206
    (316) 267-6371
    (316) 267-6345 (fax)
    ckaiser@foulston.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 24th day of February 2023, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record, and a true and correct copy was served by electronic mail upon:

Sharon Brett
AMERICAN CIVIL LIBERTIES
UNION OF KANSAS
P.O. Box 917
Mission, Kansas 66201
sbrett@aclukansas.org
(913) 490-4100

Chad W. Dunn
Sonni Waknin
Bernadette Reyes
UCLA VOTING RIGHTS PROJECT
3250 Public Affairs Building
Los Angeles, California 90065
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org
(310) 400-6019

Jonathan Topaz
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES
UNION, INC.
125 Broad Street, 18th Floor
New York, New York 10004
jtopaz@aclu.org
slakin@aclu.org
(212) 549-2500

Abena Mainoo
Jonathan I. Blackman
JD Colavecchio
Mijin Kang
Elizabeth R. Baggott
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
amainoo@cgsh.com
jblackman@cgsh.com
jdcolavecchio@cgsh.com
mkang@cgsh.com
ebaggott@cgsh.com
(212) 225-2000

Scott Fuqua
FUQUA LAW & POLICY, P.C.
P.O. Box 32015
Santa Fe, New Mexico 87594
scott@fuqualawpolicy.com
(505) 982-0961

*/s/ Anthony F. Rupp*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MIGUEL COCA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 6:22-cv-01274-EFM-RES |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF DODGE CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST

Claiming that "hundreds of section 2 cases brought by private parties" have been heard, (Doc. 54 at 2), the Government implies that it would be unprecedented for this Court to find that section 2 does not create a private cause of action. Not so. Contrary to the Government's contention, there is no "consensus view," (*id.* at 4), rather, there are merely cases that assumed, without deciding, that section 2 permitted what Plaintiffs seek in this case. However, as recently shown in *Wisconsin Legislature v. Wisconsin Elections Comm'n*, 142 S. Ct. 1245, 1249 (2022), the days of presuming VRA violations are over. For race-based actions to be ordered, it must be shown that the governing law permits such an "odious" thing and that the existing facts warrant that result in a given case. Plaintiffs fail on both accounts here and their action should be dismissed.

## I. There is no "consensus view" that section 2 is privately enforceable.

The Government alleges that "courts have held with near-unanimity that section 2 can be enforced by private plaintiffs," (Doc. 54 at 2), and that "Congress has ratified th[is] consensus view," (*id.* at 4). The Government is mistaken. The Supreme Court has not decided the issue. *See Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2350 (2021) (Gorsuch, J., concurring). Nor have the federal circuit courts. The Government's citation to *Mixon v. Ohio*, 193 F.3d 389 (6th Cir. 1999), and *Roberts v. Wamser*, 883 F.2d 617 (8th Cir. 1989), is both unpersuasive and curious,

as the issue of whether section 2 was privately enforced was not raised in either, and the dismissal of the plaintiff's section 2 claim was affirmed. Thus, the only basis for the Government's "consensus view" argument is the so-called "vast body of lower court decisions [that] have held that section 2 can be enforced by private plaintiffs." (Doc 54 at 4). These cases do not fit the bill.

For starters, two of the cases—*Singleton v. Merrill*, 582 F. Supp. 3d 924, (N.D. Ala. 2022), and *Robinson v. Ardoin*, 2022 WL 2012389 (M.D. La. June 6, 2022)—have had certiorari petitions granted in them—142 S. Ct. 879 (2022) and 142 S. Ct. 2892 (2022). In another case, which was decided before *Wisconsin Elections Comm'n* was issued and the aforementioned certiorari petitions were granted, the court's sole basis for denying the State of Texas's motion to dismiss was that it thought the motion was too "ambitious" in light of the existing "precedent and history," precedent and history that admittedly had not decided "whether the VRA 'furnishes an implied cause of action under § 2.'" *LULAC v. Abbott*, 2021 WL 5762035, at *1 (W.D. Tex. Dec. 3, 2021) (citation omitted). In two other cases, *Ga. State Conf. of NAACP v. Ga.*, 269 F. Supp. 3d 1266 (N.D. Ga. 2017), and *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348 (E.D. Va. 2009), there was no challenge or analysis relating to whether section 2 created a private cause of action. Thus, of the "hundreds of Section 2 cases" that the Government claims, it can point to only two in which a section 2 challenge was actually raised and decided in its favor—*Alpha Phi Alpha Fraternity v. Raffensperger*, 587 F. Supp. 3d 1222 (N.D. Ga. 2022), and *Veasey v. Perry*, 29 F. Supp. 3d 896 (S.D. Tex. 2014). In light of this, it is hard to see how the reasoned decision in *Ark. State Conf. NAACP v. Ark. Bd. of Apportionment*, 586 F. Supp. 3d 893 (E.D. Ark. 2022),[1] can reasonably be viewed as an "outlier ruling" as the Government contends, (Doc. 54 at 2), or, more importantly, that there is a line of precedent that already establishes that section 2 is privately enforceable.

---

[1]    The Government briefed and argued *Arkansas Bd. of Apportionment* before the Eighth Circuit. Argument for that appeal can be heard at: http://media-oa.ca8.uscourts.gov/OAaudio/2023/1/221395.MP3.

## II.   Section 2's text and the VRA as a whole do not support finding a private cause of action.

The Government claims that "[t]he text and structure of the entire VRA . . . reveal[s] Congress' intent to create a private remedy to enforce section 2." (Doc. 54 at 6). Analysis of section 2 must start with the recognition that section 2 "lack[s] . . . express authorizing language" for private suits. *Morse v. Republican Party of Va.*, 517 U.S. 186, 232 (1996) (Stevens, J., plurality op.). Realizing that a finding of an implied cause of action is unlikely under the currently applicable test, *see id.* at 230-31, the Government attempts to short circuit the analysis by arguing that "Congress has ratified the consensus view that section 2 is privately enforceable," (Doc. 54 at 4). Congress has done no such thing. As shown in the previous section, there is no consensus view today, much less "a longstanding [one]" that was in place when section 2 was last amended in 1982. The most that can be said is that, in *City of Mobile v. Bolden*, 446 U.S. 55 (1980), the Supreme Court indicated that it was unsettled whether section 2 was privately enforceable,[2] and Congress did nothing to address the matter, despite amending other parts of section 2, as well as other VRA sections. This is precisely the type of situation that mandates an "express specification of the availability of private enforcement (if that was what Congress intended)," not "legislative silence." *Armstrong v. Except'l Child Ctr., Inc.*, 575 U.S. 320, 331 (2015).

Turning to the text, the Government cites to sections 3, 12(f), and 14(e) of the VRA to show that a private remedy was intended. However, each one of those sections were in place prior to the Supreme Court's decision in *Bolden*, which, if it was not clear in 1980 that section 2 was privately enforceable, such a finding most certainly could not be made now. *See, e.g.*, *Johnson v. Inter. Mgmt. Comp.*, 849 F.3d 1093, 1097 (D.C. Cir. 2017) (Kavanaugh, J.) (noting that the

---

[2]        In footnote 8 of its Opinion, the Court listed *Allen v. State Bd. of Elections*, 393 U.S. 544 (1969) as a "*Cf.*" cite, but also included *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979), which specifically rejected the lower standard utilized in cases like *Allen* to find an implied cause of action, as a "*But See*" cite. 446 U.S. at 60 n.8.

Supreme Court has grown "very hostile to implied causes of action" and citing 9 post-1980 cases substantiating that fact). Furthermore, the VRA explicitly provides that the Attorney General may enforce section 2, 52 U.S.C. § 10308(d), but does not have a similar provision for private parties. The "express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Armstrong*, 575 U.S. at 328. For these reasons, and those contained in *Ark. State Conf.*, the VRA's text does not support finding that section 2 is privately enforceable.

Finally, the 1982 Committee Reports' claim that "the existence of the private right of action under section 2" had been "reiterated" is of no moment. "[W]hat matters is the law the Legislative *did* enact." *Shady Grove Orthopedic v. Allstate Ins.*, 559 U.S. 393, 403 (2010). Thus, "as [the Court has] repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material." *Exxon Mobile v. Allapattah Servs.*, 545 U.S. 546, 568 (2005).

## III.   The Government's § 1983 analysis is not supported by current law.

The Government's claim that § 1983 permits what section 2 does not is off base. (Doc. 54 at 7). Again, Congress has not "sp[oken] with a clear voice" and "manifest[ed] an 'unambiguous' intent to confer individual rights" under section 2, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002) (citation omitted). Therefore, for the same reason that a private right cannot be implied for private right of action purposes, a personal right cannot be found for § 1983 purposes as well. *Id.* at 283. Additionally, Congress did not intend for the "judicial remedy expressly authorized" by section 2 "to coexist with an alternative remedy available in a § 1983 action." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 133, 120-21 (2005). The fact that the VRA is "'extraordinary legislation otherwise unfamiliar to our federal system'" cannot be lost. *Shelby Cnty. v. Holder*, 570 U.S. 529, 545 (2013) (citation omitted). Cognizant that the VRA "'authorizes federal intrusion into sensitive areas of state and local policymaking,'" *id.* (citation omitted), Congress opted to limit enforcement

4

of section 2 to just the Attorney General, who could seek fines, injunctive relief, or imprisonment. 52 U.S.C. § 10308(a)-(d). Permitting private parties, who do not share the same considerations as the Attorney General, to file section 2 actions would upset the delicate balance Congress drew.

## IV.   Plaintiffs' Amended Complaint does not state a plausible section 2 claim.

Defendants are not "overstat[ing] what is required at this stage" as the Government alleges (Doc. 54 at 13). No, Plaintiffs must plead facts that show a basis for relief, which they have not.

Starting with *Gingles* 1, the Government cites to appellate cases that pre-date the Supreme Court's decision in *Strickland*, which established the current standard for pleading this factor. (Doc. 54 at 9). The Government quibbles over whether an "illustrative plan" must be alleged, (*id.*), but, at the end of the day, Plaintiffs must show that they can make up a majority in some theoretical district. If no proposed districts are offered, that showing cannot be made. (*See* Doc. 38 at 9-11).

As for *Gingles* 2 and 3, the Government claims that "Defendants do not elaborate on what the complaint would need to allege in order meet this standard." (Doc. 54 at 12). This is not true. As Defendants argued in their opening brief, facts, not legal conclusions, must be alleged. (Doc. 38 at 11-13). However, Plaintiffs' allegations regarding *Gingles* 2 and 3 are unadorned assertions without underlying factual underpinnings. The Government's own cases confirm "that conclusory allegations merely restating the second and third *Gingles* preconditions are insufficient to support a section 2 claim." *Luna v. Cnty. of Kern*, 2016 WL 4679723, at *5-6 (E.D. Cal. Sept. 6, 2016). As that is exactly what the Amended Complaint does, Plaintiffs' section 2 claim must be dismissed.

Finally, it is important to recognize that, unlike in cases like *Luna*, Plaintiffs are not alleging that "minority candidates" have not been elected in Dodge City. In fact, they specifically amended their Complaint to remove such allegations. Rather, their claim is that their "preferred candidate" has not been elected. The former is potentially a fact that can be relied upon; the latter is not.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: */s/ Anthony F. Rupp*
    Anthony F. Rupp, KS #11590
    Tara Eberline, KS #22576
    Sarah E. Stula, KS #27156
    7500 College Boulevard, Suite 1400
    Overland Park, Kansas  66210
    (913) 498-2100
    (913) 498-2101 (fax)
    trupp@foulston.com
    teberline@foulston.com
    sstula@foulston.com

    -and-

    Clayton Kaiser, KS #24066
    FOULSTON SIEFKIN, LLP
    1551 North Waterfront Parkway, Suite 100
    Wichita, Kansas 67206
    (316) 267-6371
    (316) 267-6345 (fax)
    ckaiser@foulston.com

ATTORNEYS FOR DEFENDANTS

6

## CERTIFICATE OF SERVICE

I certify that on the 24th of February 2023, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record, and a true and correct copy was served by electronic mail upon:

Sharon Brett
AMERICAN CIVIL LIBERTIES
UNION OF KANSAS
P.O. Box 917
Mission, Kansas 66201
sbrett@aclukansas.org
(913) 490-4100

Chad W. Dunn
Sonni Waknin
Bernadette Reyes
UCLA VOTING RIGHTS PROJECT
3250 Public Affairs Building
Los Angeles, California 90065
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org
(310) 400-6019

Jonathan Topaz
Sophia Lin Lakin
AMERICAN CIVIL LIBERTIES
UNION, INC.
125 Broad Street, 18th Floor
New York, New York 10004
jtopaz@aclu.org
slakin@aclu.org
(212) 549-2500

Abena Mainoo
Jonathan I. Blackman
JD Colavecchio
Mijin Kang
Elizabeth R. Baggott
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
amainoo@cgsh.com
jblackman@cgsh.com
jdcolavecchio@cgsh.com
mkang@cgsh.com
ebaggott@cgsh.com
(212) 225-2000

Scott Fuqua
FUQUA LAW & POLICY, P.C.
P.O. Box 32015
Santa Fe, New Mexico 87594
scott@fuqualawpolicy.com
(505) 982-0961

*/s/ Anthony F. Rupp*