UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIGUEL COCA, et. al.,

    Plaintiffs,

v.

CITY OF DODGE CITY, et. al.,

    Defendants.

Case No. 6:22-cv-01274-EFM-RES

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST**

Plaintiffs write to provide a brief reply to certain new arguments and assertions made in Defendants' Response to the United States' Statement of Interest (Doc. 59).

*First*, despite what Defendants suggest (Doc. 59 at 2), the Supreme Court has not granted certiorari on the question of whether Section 2 provides a private right of action. While certiorari was granted in two cases where courts held that Section 2 provides a private right of action—*Singleton v. Merrill*, 582 F. Supp. 3d 924, 1031–32 (N.D. Ala. 2022) (three-judge panel); *Robinson v. Ardoin*, 605 F. Supp. 3d 759, 818–19 (M.D. La. 2022)—in both cases, certiorari was *not* granted on the private right of action issue. In *Singleton*, the defendants had argued to the panel that Section 2 does not provide a private right of action and lost unanimously on that issue. *Singleton v. Merrill*, 582 F. Supp. 3d 924, 1031–32 (N.D. Ala. 2022). Yet, the Supreme Court did not include the private right of action issue as a Question Presented in the case, and none of the justices raised it at the October 2022 oral argument. Similarly, the issue is not before the Supreme Court in *Robinson*, either (No. 21A814).

*Second*, Defendants' argument (Doc. 59 at 2–4) that this Court should glean nothing from

1

the fact that Congress has remained silent while courts have decided hundreds of Section 2 cases brought by private plaintiffs on the merits is one that has been repeatedly rejected by the Supreme Court. The Supreme Court, instead, has consistently counseled that "Congress should be presumed to have been aware of the scope of [statutes] as interpreted by lower courts." *Liu v. SEC*, 140 S. Ct. 1936, 1947 (2020); *see also Tex. Dep't of Hous. & Comm. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 536 (2015) (Congress is "aware of … unanimous precedent" when legislating); *Albernaz v. United States*, 450 U.S. 333, 341–42 (1981) ("[I]f anything is to be assumed from congressional silence on this point, it is that Congress was aware of the [earlier cases] and legislated with them in mind."). Accordingly, this Court should conclude that there is a private right of action because "Congress can correct any mistake it sees," *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 456 (2015), and yet Congress has never once thought to intervene and instruct dozens of federal courts that their unanimous interpretation of this highly scrutinized statute was completely wrong—not in 1982, 2006, or otherwise.

*Third*, Defendants' argument (Doc. 59 at 3–4) that the VRA's express empowerment of the Attorney General to enforce Section 2 suggests that a private right of action cannot be implied ignores that the Supreme Court has found implied private rights of action under similar statutory schemes for Sections 10 and 5 of the VRA. *See Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996); *Allen v. Board of Elections*, 393 U.S. 544 (1969). The VRA gives the Attorney General the *exact same* enforcement power over those provisions as it does for Section 2. 52 U.S.C. § 10308(d); *see also Turtle Mountain Band of Chippewa Indians v. Jaeger*, 2022 WL 2528256, at *6 (D.N.D. July 7, 2022) ("[T]he Court cannot conclude that private enforcement of Section 2 is incompatible with the enforcement scheme in Section 12."). Defendants offer no reason why Section 2 should be treated differently, and there is none.

Dated: February 27, 2023

<div style="display: flex;">

<div>

Chad W. Dunn*
Sonni Waknin*
Bernadette Reyes*
**UCLA VOTING RIGHTS PROJECT**
3250 Public Affairs Building
Los Angeles, CA 90065
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org
310-400-6019

Jonathan Topaz*
Sophia Lin Lakin*
**AMERICAN CIVIL**
**LIBERTIES UNION, INC.**
125 Broad Street, 18th Floor
New York, NY 10004
jtopaz@aclu.org
slakin@aclu.org
212-549-2500

Scott Fuqua*
**FUQUA LAW & POLICY, P.C.**
P.O. Box 32015
Santa Fe, NM 87594
scott@fuqualawpolicy.com
505-982-0961

</div>

<div>

By:  *Sharon Brett*
Sharon Brett    KS 28696
**AMERICAN CIVIL**
**LIBERTIES UNION OF KANSAS**
10561 Barkley Street, Suite 500
Overland, KS 66212
sbrett@aclukansas.org
913-490-4100

Abena Mainoo*
Jonathan I. Blackman*
JD Colavecchio*
Mijin Kang*
Elizabeth R. Baggott*
**CLEARY GOTTLIEB STEEN &**
**HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
amainoo@cgsh.com
jblackman@cgsh.com
jdcolavecchio@cgsh.com
mkang@cgsh.com
ebaggott@cgsh.com
212-225-2000

*Attorneys for Plaintiffs*

* Admitted Pro Hac Vice

</div>

</div>

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February 2023, a true and correct copy of the foregoing was served via the United State District Court's CM/ECF system on all parties or persons requiring notice, including upon attorneys for defendants:

FOULSTON SIEFKIN LLP
Anthony F. Rupp, KS #11590
Tara Eberline, KS #22576
Sarah E. Stula, KS #27156
7500 College Boulevard, Suite 1400
Overland Park, Kansas 66210
(913) 498-2100
(913) 498-2101 (fax)
trupp@foulston.com
teberline@foulston.com
sstula@foulston.com

FOULSTON SIEFKIN, LLP
Clayton Kaiser, KS #24066
1551 North Waterfront Parkway, Suite 100
Wichita, Kansas 67206
(316) 267-6371
(316) 267-6345 (fax)
ckaiser@foulston.com

By:  *Sharon Brett*
Sharon Brett   KS 28696
**AMERICAN CIVIL LIBERTIES UNION OF KANSAS**
10561 Barkley Street, Suite 500
Overland, KS 66212
sbrett@aclukansas.org
913-490-4100

4