UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIGUEL COCA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DODGE CITY, KANSAS, a municipal corporation, et al.,<br><br>Defendants. | Case No. 22-cv-1274-EFM-RES |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The decision highlighted in Defendants' Notice of Supplemental Authority, *Simpson v. Thurston*, No. 22-213 (E.D. Ark. May 25, 2023), has no bearing on this case or Defendants' meritless motions to amend and certify.

Defendants first argue that *Simpson* demonstrates that "when a party fails to plausibly allege that the 'body' responsible for the challenged action was motivated by race, as Plaintiffs have done here, evidence of 'discriminatory impact' is not enough." Doc. 103 at 1. There are multiple problems with this contention. First, Defendants again ignore *Rogers v. Lodge*, which permits a constitutional challenge to an election system "conceived *or operated*" in a discriminatory manner. Doc. 71 at 19 (quoting 458 U.S. 613, 617 (1982)) (emphasis added). Defendants continue to "offer no response to [*Rogers*] and appear to concede the point." *Id.* Second, *Simpson* never claims, as a bright-line rule, that "discriminatory impact is not enough" on its own. Doc. 103 at 1. Regardless, Plaintiffs do *not* merely allege discriminatory impact; they

1

allege many facts that implicate other *Arlington Heights* factors and are probative of their discriminatory intent claim. *See generally* Doc. 30 ¶¶ 66–68, 72, 86–87, 90, 92–107.

Defendants then claim that *Simpson* shows that courts can dismiss discriminatory intent claims when "a complaint's allegations are insufficient to create a plausible inference of racial discrimination." Doc. 103 at 1–2. This argument is particularly bizarre given that "Defendants [did] not address Plaintiffs' argument that they have established an inference of discriminatory intent," and therefore "waived any argument regarding that issue" for their motion to dismiss. Doc. 71 at 19.

Ultimately, *Simpson* concerns a case in a different state involving considerably different factual allegations and applying at least some different substantive law. The decision is one that makes very few, if any, findings that would apply outside of the context of the particular case at hand. In sum, nothing in *Simpson* supports any of the factors required for the extraordinary remedy of an interlocutory appeal under 28 U.S.C. § 1292(b) that Defendants seek from this Court's denial of their motion to dismiss.

| | |
|---|---|
| Date: June 1, 2023 | */s/ Sharon Brett* |

Chad W. Dunn*
Sonni Waknin*
Bernadette Reyes*
**UCLA VOTING RIGHTS PROJECT**
3250 Public Affairs Building
Los Angeles, CA 90065
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org
310-400-6019

Jonathan Topaz*
Sophia Lin Lakin*
Luis Manuel Rico Román*
**AMERICAN CIVIL LIBERTIES UNION, INC.**
125 Broad Street, 18th Floor
New York, NY 10004
jtopaz@aclu.org
slakin@aclu.org
lroman@aclu.org
212-549-2500

Scott Fuqua*
**FUQUA LAW & POLICY, P.C.**
P.O. Box 32015
Santa Fe, NM 87594
scott@fuqualawpolicy.com
505-982-0961

Sharon Brett    KS 28696
**AMERICAN CIVIL LIBERTIES UNION OF KANSAS**
10561 Barkley Street
Suite 500
Overland Park, KS 66212
sbrett@aclukansas.org
913-490-4100

Abena Mainoo*
Jonathan I. Blackman*
JD Colavecchio*
Mijin Kang*
Elizabeth R. Baggott*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
amainoo@cgsh.com
jblackman@cgsh.com
jdcolavecchio@cgsh.com
mkang@cgsh.com
ebaggott@cgsh.com
212-225-2000

*Attorneys for Plaintiffs*

* Admitted Pro Hac Vice