## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MIGUEL COCA and
ALEJANDRO RANGEL-LOPEZ,

       *Plaintiffs,*

 vs.

                              Case No. 22-1274-EFM

CITY OF DODGE CITY, a municipal
corporation, the DODGE CITY
COMMISSION, E. KENT SMOLL, in
his official capacity as Mayor of Dodge City,
MICHAEL BURNS, in his official capacity
as Vice-Mayor of Dodge City, RICK
SOWERS, in his official capacity as a
member of the Dodge City Commission,
CHUCK TAYLOR, in his official capacity
as a member of the Dodge City Commission,
and JOSEPH NUCI, in his official capacity
as a member of the Dodge City Commission,

       *Defendants.*

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motion to Amend[1] and Certify Order for Interlocutory

Appeal and Motion to Stay Proceedings Pending Appeal (Doc. 79). Defendants seek interlocutory

appeal for three questions resolved in Plaintiffs' favor in the Court's prior order granting in part

---

[1] Although Defendants label their Motion as one to amend this Court's prior order, they never specify how they want the Court to amend it.

and denying in part Defendants' motion to dismiss.  Because Defendants cannot show a substantial ground for difference of opinion on their second question, and because the questions are inextricably entwined with the case as whole, the Court in its discretion denies Defendants' Motions.

## I.      Factual and Procedural Background[2]

Both Plaintiffs are Latino U.S. citizens of legal voting age who reside in Dodge City (the "City").  The Defendants are the City itself and members of the Dodge City Commission: E. Kent Smoll, who also serves as the City's Mayor; Michael Burns, the City's Vice-Mayor; Rick Sowers; Chuck Taylor; and Joseph Nuci.  It is this Commission, specifically the voting scheme by which members are elected, that forms the basis of Plaintiffs' claims.

Plaintiffs initiated the present lawsuit on December 15, 2022, asserting claims for violation of Section 2 of the Voting Rights Act ("VRA"), the Fourteenth Amendment's Equal Protection Clause, and the Fifteenth Amendment.  Defendants waited less than a month to bring a motion to dismiss each of Plaintiffs' claims.  On February 10, 2023, the United States filed an amicus brief in this matter, advocating on behalf of Plaintiffs' right to bring a private claim for Defendants' alleged violation of Section 2 and arguing against a higher pleading standard for vote dilution claims.

The Court granted in part and denied in part Defendants' motion, dismissing Plaintiffs' Fifteenth Amendment claim, while allowing the others to proceed.  In holding that Plaintiffs had stated a claim under §1983 for violation of Section 2, the Court found that Section 2 contained

---

[2] The facts taken from Plaintiffs' Complaint and are considered true from the purposes of this Order.

clear right-creating language, relying in part on the persuasive analysis from an opinion by the District of North Dakota.[3]

Defendants now seek interlocutory appeal of the Court's order, asking the Court to certify three questions for interlocutory appeal to the Tenth Circuit:

(1) Does section 2 create a private right of action;

(2) If section 2 does not create a private right of action, can a plaintiff sue under § 1983 for an alleged violation of section 2; and

(3) In a voter-dilution case, can a plaintiff establish an equal protection claim by merely alleging the effects of a challenged election practice and the actions taken by non-defendants, or must they cite actions taken by persons with the authority.

Should their Motion be granted, Defendants move for a stay of proceedings while the Tenth Circuit considers the appealed issues.

## II.     Legal Standard

In general, parties may only appeal a federal district court's final decision.[4]  However, 28 U.S.C.§ 1292 grants appellate jurisdiction to federal courts of appeals to hear interlocutory appeals under specified circumstances.   Pertinent to the present Motion, § 1292(b) authorizes district judges to certify an order for interlocutory appeal when that judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  This is a three-part test, for which the "proponent of an interlocutory appeal bears the burden of establishing that all three of [§ 1292(b)'s] substantive criteria are met."[5]

---

[3] *See Turtle Mountain Band of Chippewa Indians v. Jaeger*, 2022 WL 2528256 (D.N.D. 2022).

[4] *See* 28 U.S.C. § 1291 (restricting court of appeals jurisdiction to district courts' final decisions).

[5] *KPH Healthcare Servs., Inc. v. Mylan N.V.*, 2022 WL 16551340, at *1 (D. Kan. 2022) (cleaned up).

Whether to certify an order for interlocutory appeal is within the discretion of the district judge.[6]

Nevertheless, district courts should only certify orders for interlocutory appeal in "extraordinary

cases in which extended and expensive proceedings probably can be avoided by immediate final

decision of controlling questions encountered early in the action."[7]  If the court grants certification,

it may in its discretion enter an order staying the proceedings while the appeal is pending.[8]

### III.    Analysis

Defendants seek to certify three separate questions for interlocutory appeal, arguing that

the issues all meet § 1292(b)'s criteria.  These questions are:

(1) Does section 2 create a private right of action;

(2) If section 2 does not create a private right of action, can a plaintiff sue under
§ 1983 for an alleged violation of section 2; and

(3) In a voter-dilution case, can a plaintiff establish an equal protection claim by
merely alleging the effects of a challenged election practice and the actions taken
by non-defendants, or must they cite actions taken by persons with the authority.

Because the Court finds that an analysis of the second proposed question is dispositive of

Defendants' entire Motion, it will address that question first.

**A.    There is no substantial ground for difference of opinion regarding whether a plaintiff
can sue under § 1983 for a violation of Section 2 of the VRA.**

Defendants ask the Court to grant interlocutory appeal so that the Tenth Circuit can decide

whether a plaintiff sue under § 1983 for an alleged violation of Section 2.  Assuming without

deciding that this question presents a controlling question of law, this question nevertheless fails

---

[6] *See id.*; *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) (explaining that when it enacted § 1292(b), "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

[7] *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (further citation and quotations omitted).

[8] 28 U.S.C. § 1292(b).

to meet the second element for certification of interlocutory appeals.  Specifically, Defendants cannot show that a substantial ground for a difference of opinion exists as to whether Section 2 of the VRA may be enforced under § 1983.

A substantial ground for difference of opinion exists when the relevant question of law "is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions."[9]  However, "[t]hat an issue presents a question of first impression isn't, by itself, sufficient.  Nor will contradictory case law, by itself, qualify a case for certification."[10]  Instead, a party must satisfy this requirement by presenting a "colorable" argument in support of its position.[11]

Colorable arguments, however, must be more than mere possible interpretations of the law. Indeed, when "plaintiffs haven't cited any judicial opinions that directly contradict the court's rulings," this Court has little issue with remaining "convinced that its analysis is correct" and denying certification.[12]  In contrast, to determine that a party's argument is "colorable," this Court has usually relied on the party showing persuasive differing judicial opinions on the issue, even if those opinions are outside the Tenth Circuit.[13]

Implicitly acknowledging that no caselaw supports their position, Defendants nevertheless takes the Court through the same statutory analysis rejected by the Court's prior order.  In essence, Defendants contend that Section 2 does not create an individual rights.  The Court, in its discretion,

---

[9] *KPH Healthcare*, 2022 WL 16551340, at *2.

[10] *Id.* (citation omitted).

[11] *Id.* (citation omitted).

[12] *See, e.g.*, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 4948270, at *3 (D. Kan. 2021); *Moore v. Kobach*, 2019 WL 4228415, at *2 (D. Kan. 2019).

[13] *See KPH Healthcare*, 2022 WL 16551340, at *2; *Farmer v. Kansas State Univ.*, 2017 WL 3674964, at *5 (D. Kan. 2017); *McHenry v. City of Ottawa*, 2017 WL 4758947, at *2 (D. Kan. 2017).

does not consider this argument to be colorable.  Not only does no caselaw affirm Defendants' position or their interpretation of Section 2, but the only caselaw explicitly addressing the subject supports this Court's recognition of Section 2's language as "paradigmatic rights-creating language."[14]  There might be comparatively little guidance on this issue—at least, when one chooses to ignore the implied affirmation of Section 2's rights-creating language by hundreds of court decisions.  But in the face of clearly-worded rights-creating language, Defendants' roundabout interpretation does not rise to the level of "colorable argument" as required to show a substantial ground for a difference of opinion.

Likewise, Defendants' barebones contention that Section 2 contains a comprehensive enforcement scheme, thus rebutting presumptive individual enforcement under § 1983, is not persuasive and not colorable.  For decades and in hundreds of cases, individuals have brought actions to enforce Section 2.  Not once has a court found that Congress created a comprehensive scheme such that individual enforcement was not available.  Arriving at that conclusion in the face of such history would land somewhere on the spectrum between "quite bold" and "absurd."  The Court sees no grounds for a substantial difference of opinion here.  Because Defendants cannot show substantial grounds for difference of opinion as to whether a plaintiff may sue under § 1983 for a violation of Section 2, the Court denies Defendants' Motion as to this issue.

**B.      Because the case proceeds forward on Plaintiffs' § 1983 claim, certifying the other issues for interlocutory appeal would not materially advance resolution of this case.**

Plaintiffs' claims are inextricably intertwined because each claim will have to rely on essentially the same evidence as the others to go forward.  Therefore, the failure of any of the

---

[14] *League of United Latin Am. Citizens v. Abbott*, 2021 WL 5762035, at *1 (W.D. Tex. 2021); *see also Turtle Mountain Band*, 2022 WL 2528256, at *5 ("It is difficult to imagine more explicit or clear rights creating language.").

proposed issues necessarily means the others fail as well under the third part of the interlocutory appeal certification test.  This third part asks whether certification of the order for interlocutory appeal would materially advance the ultimate termination of the litigation as a whole.[15]  For example, this Court has found that this element was not met when interlocutory appeal could dismiss one defendant from the case while others would remain.[16]  Because "the case will continue regardless of whether they are dismissed, an immediate appeal will not advance the ultimate termination of this litigation or result in substantial time savings for the Court or the other litigants."[17]  Therefore, the Court denied the interlocutory appeal.

With at least one claim moving forward through discovery toward a trial, certification of the questions pertaining to the other claims would not materially advance the ultimate resolution of this case.  If anything, it could easily prolong this litigation if Defendants lost on appeal by making the parties tread through the same waters all over again for the other two issues.  For this reason, the Court denies certification of Plaintiffs' other questions.

**C.      The Court denies Defendants' Motion to Stay.**

None of Defendants' proposed questions warrant certification for interlocutory appeal. Therefore, there is no reason to stay the proceedings in this case.  The Court denies Defendants' request to stay the proceedings.

---

[15] *See* 28 U.S.C. § 1292(b).

[16] *See Freedom Transp., Inc. v. Navistar Int'l Corp.*, 2020 WL 108670, at *5 (D. Kan. 2020).

[17] *Id.*

**IT IS THEREFORE ORDERED** that Defendants' Motion to Amend and Certify Order for Interlocutory Appeal and their Motion to Stay Proceedings Pending Appeal (Doc. 79) are **DENIED.**

**IT IS SO ORDERED.**

Dated this 12th day of June, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE