One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

ASIA
BEIJING
HONG KONG
SEOUL

EUROPE & MIDDLE EAST
ABU DHABI      LONDON
BRUSSELS       MILAN
COLOGNE        PARIS
FRANKFURT      ROME

PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
DAVID H. BOTTER
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO

AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS

MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
    RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
    RESIDENT COUNSEL

**EXHIBIT J**

D: +1 212 225 2785
amainoo@cgsh.com

March 30, 2023

Dr. Matthew A. Barreto, Ph.D.
6119 Heritage Drive
Agoura Hills, CA 91301

Dear Dr. Barreto:

      This letter will confirm that, in connection with our representation of our clients Miguel Coca and Alejandro Rangel-Lopez (the "Plaintiffs") in voting rights litigation currently pending in the United States District Court for the District of Kansas, and all appeals taken therefrom, Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), the American Civil Liberties Union Foundation of Kansas, Inc. ("ACLU-KS"), the UCLA Voting Rights Project ("UCLA-VRP"), Fuqua Law & Policy, P.C. ("Fuqua Law"), and the American Civil Liberties Union Foundation, Inc. ("ACLU") (collectively referred to in this letter as "we," "us," or "our") are engaging Dr. Barreto, Ph.D. ("Dr. Barreto" or "you") as an expert witness to assist us in providing legal advice and representation to the Plaintiffs.

Scope of Services

      We are engaging you to prepare analyses and reports, potentially appear as a testifying witness, and provide such other services as we may request from time to time. Such services may include, but are not limited to: conducting racially polarized voting analysis of the city of Dodge City, Kansas for purposes of Voting Rights Act compliance; preparing informal and/or formal reports and affidavits with respect to one or more of these districting maps; analyzing any expert reports of Defendants; and testifying at any deposition(s), court hearing(s), or trial(s), as may be necessary. We are engaging you to provide such services in connection with our provision of legal advice and representation to the Plaintiffs. For this engagement, you will take direction from and report your views and conclusions only to any of the lawyers

Dr. Matthew A. Barreto, p. 2

representing the Plaintiffs. You shall at all times comply with all applicable laws and regulations in connection with this engagement and its performance hereunder.

You acknowledge and agree that you are being engaged to provide your independent and objective professional judgment and expertise. You will receive exactly the same compensation for your time and expenses no matter what opinions you form or testimony you give and regardless of the outcome of the litigation.

No Authority to Bind

You may not bind, obligate, or represent us unless authorized by us in writing to do so.

Data Protection

We may provide you with personal data and/or you may collect personal data in connection with this engagement ("Personal Data"). Where you process Personal Data, you will do so as an independent controller and in accordance with all applicable data protection legislation.

Confidentiality

Because we are retaining you to assist us in providing legal advice and representation to the Plaintiffs, it is our intention and position that the following are confidential, subject to all applicable privileges and made for the sole purpose of assisting us in providing legal advice and representation to the Plaintiffs: (i) all communications between you and your Representatives, on the one hand, and us and/or the Plaintiffs, or any attorney, expert, agent or employee acting on behalf of us or the Plaintiffs, on the other hand; and (ii) all information you obtain or generate in the course of this engagement, including any Work Product and Personal Data (together with the communications described in (i), "Confidential Information").

Accordingly, all such Confidential Information shall be protected by the attorney-client privilege, the attorney work product doctrine, and other applicable privileges, and you will not use, disclose or otherwise disseminate or publish any Confidential Information to any third party without our prior written consent. At the ultimate conclusion of the litigation, you are authorized to use Confidential Information, other than communications with Plaintiffs' attorneys or Personal Data for which the person in question has not consented to disclosure, for educational and teaching purposes.

Furthermore, you shall hold our engagement of you and our representation of the Plaintiffs in the strictest confidence and may not discuss them with or disclose them to any third party without our prior written consent.

The obligations restricting your use and disclosure of the Confidential Information shall not apply to (a) information which becomes generally known to the public (other than as a result of a disclosure by you or your Representatives), or (b) information which becomes available to you or your Representatives on a non-confidential basis from a source that

Dr. Matthew A. Barreto, p. 3

is not subject to any contractual or other obligation of confidentiality to us. Examples of this may include publicly available election results, Census data, or voter file databases.

You shall take all reasonable measures to maintain and secure the confidentiality of the Confidential Information, including appropriate security controls and protections against intrusion into your information technology systems or theft of data contained therein.

To protect the Plaintiffs' and our ability to make appropriate objections to disclosure, you shall label all materials prepared by you for this engagement, "Privileged & Confidential/Attorney-Client Privileged" and/or "Attorney Work Product," regardless of their format.

You agree to transmit any Confidential Information to your Representatives only if and to the extent that such Representatives need to know the Confidential Information for the engagement hereunder, are informed of the confidential nature of the Confidential Information, and agree to be bound by the terms of this letter (or are otherwise bound by terms consistent with the terms of this letter).

Should any person other than those expressly authorized by the terms of this letter seek disclosure by legal process or otherwise of any Confidential Information, or of any information, communications or materials related in any way to this engagement, including by way of a data subject rights request, you agree to notify us immediately. If we promptly notify you that we assert a privilege or other protection from disclosure with respect to all or any portion of the information that you may be requested or required to disclose to a data subject, litigant, court, governmental or regulatory agency, or similar body, you and your Representatives will not disclose any portion of the information as to which privilege or other protection is asserted, unless it is judicially determined that such information is not protected by such privilege or other doctrine. It may be necessary for us, from time to time, to disclose to you our legal theories and/or other privileged or confidential information. An essential term of this letter, therefore, is that you not disclose at any time to any third party any theories, opinions, facts, or other information obtained by or through us, except such disclosures as we may authorize in writing.

In connection with this engagement, we may provide you with documents that are the subject of specific protective orders or confidentiality agreements limiting the use of or access to such documents. In any such instance, we will provide you with a copy of the relevant order or agreement for execution, if necessary. You understand that to provide services to us under this letter you must comply with any such order or agreement, in addition to the obligations set out in this letter.

<u>Fees and Expenses</u>

You have informed us, and we agree, that your billing rate on this engagement shall be (i) $400 per hour for all services rendered relating to the preparation of analyses and reports; and (ii) $500 per hour for all services rendered relating to testifying at any deposition(s), court hearing(s), or trial(s). *See* Appendix A. Your compensation will also include reimbursement for necessary expenses incurred in providing such services. Time billed for

3

Dr. Matthew A. Barreto, p. 4

travel during which no work is performed will be billed at half of the applicable hourly rate but will not exceed $1,000 per day.

You shall submit your invoices to Cleary Gottlieb, on a monthly basis, or more frequently if requested. Your invoices shall include your fees for services rendered and expenses incurred during the immediately preceding month (or shorter period, if requested). For work performed between November 8, 2022 and the date of this Agreement (the "Agreement Date"), your invoices shall include your hours spent for each month you performed services under this letter. For work performed on or after the Agreement Date, your invoices shall include your hours spent for each week you performed services under this letter. You agree also to submit receipts or other appropriate documentation with respect to any expenses incurred. Cleary Gottlieb may request additional information in support of your invoices. You have been retained by us with the express approval of Plaintiffs to assist us in providing legal advice and representation to the Plaintiffs, and Cleary Gottlieb may therefore pay your fees in connection with this retention acting on behalf of Plaintiffs. Cleary Gottlieb is solely responsible for the payment of your fees. In the event that your work exceeds any of the discrete hour estimates listed on Appendix A, you will promptly notify Abena Mainoo (amainoo@cgsh.com). Absent prior approval, your total compensation shall not exceed $64,000.

Conflicts of Interest

You agree that you do not have, and will not accept, retentions that would be adverse to us or the Plaintiffs with respect to this engagement. In addition, in no event shall you accept a retention that would be adverse to us or the Plaintiffs in contentious or potentially contentious proceedings during this engagement.

Miscellaneous

You agree that, if you receive inquiries from members of the news media or other parties in connection with the work described in or performed pursuant to this Agreement, you will forward such inquiries to Plaintiffs' counsel.

This letter will terminate upon the earliest of (i) completion of your services to us or (ii) written notice by us or the Plaintiffs. The confidentiality obligations under this letter shall continue after termination of this engagement.

This letter constitutes the entire agreement of the parties with respect to its subject matter, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, whether written or oral, regarding such subject matter. This letter may only be amended, modified, waived, or supplemented by an agreement in writing signed by the parties.

If any provision of this letter is determined to be invalid or unenforceable in any respect, such determination will not affect the letter in any other respect, which will remain in full force and effect.

This letter, and any dispute arising out of or relating to it, shall be governed by the substantive law of the State of New York, without regard to any conflict of law principles.

Case 6:22-cv-01274-EFM   Document 144-10   Filed 09/22/23   Page 5 of 7

Dr. Matthew A. Barreto, p. 5

       This letter shall inure to the benefit of each party and to any of their respective successors in interest.

       This letter may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile and e-mailed copies of signatures shall be deemed to be originals for purposes of the effectiveness of this letter.

*   *   *

       If this letter accurately sets forth the terms of this engagement, please sign and return it to us, acknowledging your agreement and acceptance of its terms.

       We are pleased to be working with you on this matter and look forward to your assistance.

Very truly yours,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*[DocuSigned by: Abena Mainoo]*

*Abena Mainoo*, Partner

ACLU OF KANSAS

*[DocuSigned by: Sharon Brett]*

*Sharon Brett*, Legal Director

UCLA VOTING RIGHTS PROJECT

*[DocuSigned by: Chad W. Dunn]*

*Chad W. Dunn*, Legal Director

ACLU VOTING RIGHTS PROJECT

*[DocuSigned by: Sophia Lakin]*

*Sophia Lakin*, Interim Co-Director

Dr. Matthew A. Barreto, p. 6

FUQUA LAW & POLICY, P.C.

*Scott Fuqua*
Scott Fuqua

**ACKNOWLEDGED AND AGREED, THIS 30th DAY OF MARCH, 2023**

*Dr. Matthew A. Barreto*, Ph.D.

6

Dr. Matthew A. Barreto, p. 7

## Appendix A – Services Estimate

| Phase: | Estimated Hours/Fees |
|---|---|
| • Fact-gathering | [20] hours / $ [8,000] |
|    o Document review | [20] hours / $ [8,000] |
|    o Interviews | [0] hours / $ [0] |
| • Data analysis | [50] hours / $ [20,000] |
| • Consult with counsel | [15] hours / $ [6,000] |
| • Draft expert report | [50] hours / $ [20,000] |
| • Testify (deposition or trial) | [20] hours / $ [10,000] |
| **Total:** | [155] hours / $ 64,000] |