# EXHIBIT D

October 16, 2020

**By First Class Mail and Email to:**

Debbie Cox
Ford County Election Office
100 Gunsmoke
Dodge City, KS 67801
dcox@fordcounty.net

**Re: Law Enforcement Presence at Polling Locations**

Dear Ms. Cox,

We write on behalf of the American Civil Liberties Union (ACLU) of Kansas in advance of the November 3, 2020 general election to address potential issues with law enforcement presence at polling locations. We appreciate all of the work you and your colleagues are putting into ensuring safe, secure voting opportunities throughout the state of Kansas, and write in the interest of proactively ensuring that all individuals are able to participate in this historic election free of intimidation and fear.

We have concerns about federal, state, or local law enforcement patrolling or stationing themselves outside of voting locations.[12] During the primary election in August, our nonpartisan voter protection hotline yielded several calls from community members complaining of a large and seemingly unnecessary police presence in and around voting locations.

While we are aware that voters are privileged from arrest when voting,[13] many community members may be hesitant to go to polls where law enforcement are stationed due to prior negative experiences with law enforcement or outstanding personal legal issues.[14] This is especially true for Black and Latinx community members, who are disproportionately targeted by police for enforcement activities,[15] and who historically have experienced law-enforcement driven



**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Kansas

PO Box 917
Mission, KS 66201
(913) 490-4100
aclukansas.org

Susan Estes
*President*

Nadine Johnson
*Executive Director*

Brad Stuewe, M.D.
*Treasurer*

Leslie Bissell
*Secretary*

James Bell
Amii Castle
Robert Eye
Mark Johnson
Lon Lewis
Raymond Rico
Annie Tietze
*Board of Directors*

---

[12] *See* https://thehill.com/homenews/administration/514931-barr-suggests-law-enforcement-could-be-sent-to-polling-places-if; https://www.washingtonpost.com/national-security/fbi-election-poll-watchers/2020/10/02/6d482f48-0414-11eb-a2db-417cddf4816a_story.html
[13] K.S.A. 25-107
[14] In fact, a number of states have explicitly prohibited police from entering polling places on Election Day. *See, e.g.*, TENN. CODE ANN. § 2-7-103; PA. STAT. ANN. §§ 3047, 3520; FLA. STAT. ch. 102.101.
[15] *See generally* Nik Theodore, *Insecure Communities: Latino Perceptions of Police Involvement in Immigration Enforcement*, PolicyLink (May 2013), https://www.policylink.org/sites/default/files/INSECURE_COMMUNITIES_REPORT_FINAL.PDF; Drew Desilver, Michael Lipka, and Dalia Fahmy, *10 things we know about race and policing in the U.S.*, PEW RESEARCH CENTER (June 3, 2020), https://www.pewresearch.org/fact-tank/2020/06/03/10-things-we-know-about-race-and-policing-in-the-u-s/; Laura Santhanam, *Two-thirds of black Americans don't trust the police to treat them equally. Most white Americans do.*, PBS.ORG (June 5, 2020),

disenfranchisement.[16] If voting requires interaction with law enforcement, people may be deterred or chilled from participating in the democratic process.

In light of the numerous protests throughout this summer regarding police violence against communities of color, we are even more concerned that a heavy, unnecessary law enforcement presence at polling locations will serve to intimidate and disenfranchise voters who may be uncomfortable approaching the polls under such circumstances.

Importantly, Section 2 of the Voting Rights Act of 1964 prohibits jurisdictions from selecting polling locations that are less accessible to minority groups—including polling places where minority voters may be intimidated or dissuaded from entering.[17] The VRA[18] and Kansas law also prohibits voter intimidation, by making it a felony to intimidate, threaten, or coerce a voter for the purpose of interfering with his or her right to vote.[19] Forcing voters to cast their ballots at locations that have a large, unnecessary, and unmitigated law enforcement presence undermines these important laws.

We understand that this election poses an increased risk of independent groups, including armed militias, participating in grassroots "poll watching" activities[20] that are partisan in nature and meant to scare voters. As you know, the ACLU strongly supports trained, organized groups engaging in legal poll watching and election protection activities, as well as the right for individuals to engage in electioneering as permitted by state and federal law.[21] However, recent reports suggest that some groups may be planning to engage in unusual and potentially

---

https://www.pbs.org/newshour/politics/two-thirds-of-black-americans-dont-trust-the-police-to-treat-them-equally-most-white-americans-do.

[16] *See, e.g. Democratic Nat'l Comm. V. Republican Nat'l Comm.*, 671 F. Supp. 2d 575, 612 (D.N.J. 2009) (finding that off-duty police officers and sheriffs at polling locations in minority districts would reasonably chill minority voter participation).

[17] 52 U.S.C. § 10301; *Brown v. Dean*, 555 F. Supp. 502, 504-05 (D.R.I. 1982) (the use of polling places "at locations . . . calculated to intimidate blacks from entering" when reasonable alternatives are available violates the Voting Rights Act); *Sanchez v. Cegavske*, 214 F. Supp. 3d 961 (D. Nev. 2016) (limiting polling locations to off-reservation sites where Native American voters felt discriminated against or intimidated likely violates Voting Rights Act).

[18] 52 U.S.C. § 10307(b).

[19] K.S.A. § 25-2415.

[20] https://www.politico.com/news/2020/10/08/trump-election-poll-watching-427008. At least one state court has recently rejected an attempt by the President to deploy partisan representatives as poll watchers in Philadelphia. *See Donald J. Trump for President, Inc. vs. Philadelphia County Board of Elections, et. al.*, No. 02-035 (Court of Common Pleas, 1st Judicial Dist., PA, Oct. 10, 2020), http://cdn.cnn.com/cnn/2020/images/10/09/2020-10-09.philadelphia.ruling.on.poll.watchers.pdf.

[21] A recent decision from the U.S. District Court for the District of Kansas upheld Kansas' 250 buffer zone law, which allows jurisdictions to enforce a 250-foot wide zone around entrances to polling places, in which people are prohibited from engaging in electioneering activities. *See* Mem. and Order, Civil Action No. 19-2297, *Clark v. Schmidt* (Oct. 7, 2020).

2

DODGE_CITY_0003129



**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Kansas

illegal tactics[22] this year to keep individuals away from the polls or incite violence. Law enforcement no doubt has an important role to play in ensuring safe and fair elections for all. However, it is imperative for election officials to remember that not all communities feel safer when police are present even in light of the unique threats of the current election. To that end, we encourage you to limit law enforcement at polling locations to only those circumstances where their presence is absolutely necessary to address an issue of public safety. Proactive coordination can ensure that law enforcement can prevent and expeditiously rectify disturbances at the polls, eliminating the need for continuous presence on Election Day.

We are confident that your office is working hard to address these concerns and create an appropriate balance to ensure polls are safe, secure, and welcoming places for all community members. At a minimum, we encourage you to instruct your county officials and poll workers about this issue and the need to ensure that law enforcement do not intentionally or unintentionally interfere with peoples' right to vote.

Thank you again for your attention to these matters. If you would like to discuss them further, we are happy to schedule a phone call or Zoom meeting. We look forward to working with all of you to ensure a safe and fair election next month.

Best,

*Sharon Brett*
Sharon Brett
Senior Staff Attorney
ACLU of Kansas

*Lauren Bonds*
Lauren Bonds
Legal Director
ACLU of Kansas

cc:  Attorney General Derek Schmidt
     Kansas County Clerks and Election Officials Association
     Secretary of State Scott Schwab

---

[22] https://www.cnn.com/2020/10/06/us/georgetown-militias-voter-intimidation-fact-sheets-trnd/index.html ; https://www.law.georgetown.edu/icap/wp-content/uploads/sites/32/2020/09/Kansas.pdf?

3