IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIGUEL COCA, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 6:22-cv-01274-EFM-RES |
| ) | |
| CITY OF DODGE CITY, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
EXPERT WITNESS RUBÉN MARTINEZ**

Dr. Martinez has provided unsupported, anecdotal opinions on topics about which he has limited or no specialized knowledge. Defendants are not questioning Dr. Martinez's experience as a sociologist; they are challenging whether that experience qualifies him to provide opinions on matters unrelated to his expertise. And Defendants are questioning the reliability of Dr. Martinez's methodology, which includes reliance on unverifiable sources and limited personal observations. Defendants respectfully request that the Court exclude Dr. Martinez from this case.

**I.     The Court should rule on this motion pre-trial.**

Plaintiffs intimate that the Court should defer its gatekeeping responsibilities under *Daubert* and Federal Rule of Civil Procedure 702 to trial because this is a court-tried case. Doc. 149, p. 2-3. But Rule 702 provides no exception for bench trials. A proffered expert cannot testify before a "trier of fact"—whether judge or jury—if they do not meet Rule 702's requirements. *See UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832–33 (3d Cir. 2020); s*ee also Attorney General of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009) (noting that, even in a bench trial, "*Daubert*'s standards must still be met"); *E3 Biofuels-Mead, LLC v. Zurich Am. Ins. Co.*, No. 08-CV-2674-CM, 2013 WL 1308622, at *1 (D. Kan. Mar. 29, 2013) (same).

**II.     Dr. Martinez is not qualified to opine on the topics in his expert report because they are not within the reasonable confines of his experience and knowledge.**

Plaintiffs do not dispute that Dr. Martinez has not previously conducted research on most of the topics on which he opines in this case. He is not a historian, he has not studied the history of discrimination in Dodge City or the State of Kansas, and he has not conducted any research or scholarship regarding the effects of at-large voting systems. Doc 142, Ex. 2, Martinez Dep. 50:23–51:13; 70:9–16; 70:23–71:10.

To be an expert in a subject, that subject must be "within the reasonable confines" of the witness's experience, or the witness must "possess skill, experience, or knowledge" in the specific area of proposed testimony. *Conroy v. Vilsack*, 707 F.3d 1163, 1169 (10th Cir. 2013) (internal citation omitted). An expert with knowledge in a general field but who does not have specific knowledge "does not necessarily assist" the trier of fact and should be excluded. *Lawson v. Spirit Aerosystems, Inc.*, No. 18-1100-EFM, 2021 WL 2290822, at *1 (D. Kan. June 4, 2021).

Plaintiffs point to Dr. Martinez's background in racial dynamics and his editing of a publication about Latinos as evidence of his qualifications. He acknowledged, though, that he did not rely on give "much attention" to that publication when preparing his report in this case. Doc 142, Ex. 2, Martinez Dep. 25:19-28:17. The same is true for Dr. Martinez's other two articles Plaintiffs cite in their brief, as Dr. Martinez testified that he did not rely on any of his own scholarship in preparing his report. *Id.* at 27:7-12; 28:18-30:16. While he may be a race scholar, he has not focused his opinions on those topics on which he has expertise.

**A.     <u>Dr. Martinez is not qualified to opine on any alleged history of discrimination in Dodge City or Kansas.</u>**

Plaintiffs implicitly acknowledge Dr. Martinez is not a historian and that he lacks knowledge and experience with respect to the alleged history of discrimination in Dodge City and Kansas. They inaccurately attempt to narrow Defendants' argument to whether Martinez needs to

2

have previously studied Dodge City specifically. Rather, it is Dr. Martinez's combination of lack of qualifications, lack of research and scholarship on the relevant topics, lack of personal experience, and lack of prior knowledge or background on the subject that render him unqualified. Defendants do not doubt that Dr. Martinez has engaged in interesting and academically rigorous work throughout his career. But that work does not have an appropriate nexus to his opinions in this case, such that they should be considered reliable. *See Obrycka v. City of Chicago*, 792 F. Supp. 2d 1013, 1023-24 (N.D. Ill. 2011) (excluding an expert who failed to provide a basis on which the Court could conclude that he could reliably apply his "general" knowledge of the topic of his report to the specific facts at issue in the case).

Plaintiffs' reliance on *Bone Shirt v. Hazeltine*, No. CIV 01-3032-KES, 2003 WL 26091116, at *7 (D.S.D. Dec. 31, 2003), is misplaced. There, the challenged expert was permitted to testify based on his extensive experience working as a demographic and redistricting consultant who had testified numerous times in the context of voting rights litigation. Dr. Martinez has no similar experience, having never testified before and having no experience researching or opining on most of the topics of his report. *Cage v. City of Chicago*, 979 F. Supp. 2d 787, 823 (N.D. Ill. 2013), is similarly unhelpful to Plaintiffs. There, the expert's topic was a generally applicable practice nationally. In that instance, geography was irrelevant. But here, the specific topic on which Martinez purports to testify (the history of discrimination in Kansas and Dodge City) is, by definition, specific to the local area. *See* Doc 142, Ex. 1, Martinez Report.

**B.      Dr. Martinez is not qualified to opine on the alleged historical background of elections in Dodge City or Kansas or on election practices generally.**

The historical background of elections in Dodge City and Kansas is not a topic with an appropriate nexus to Dr. Martinez's area of expertise. Section 7 of Dr. Martinez's report, entitled "At-Large Elections and Ethnic and Racial Minority Voters," is based exclusively on his review

of others' research that he conducted following his retention in this case. Doc 142, Ex. 1, Martinez Report, p. 13; Doc. 142, Ex. 2, Martinez Dep. at 222:21–224:3. He relies broadly on his experience in sociology as his qualification, but he has no experience applying his knowledge to elections. While reliance on others' research is not inherently problematic, Dr. Martinez brought no prior knowledge of this subject to the report and carried out no independent studies on the topic. *Id.* at 222:21–223:3; 223:22–224:3. Dr. Martinez acknowledges that his testimony is not specific to Dodge City and is instead limited to what he believes may be generally applicable to any election. *Id.* at 224:4-12. Dr. Martinez is simply not an expert on this topic, and any opinions and testimony related to this section of his report should be excluded. *See, e.g., Coe v. Cross-Lines Ret. Ctr., Inc.*, No. 22-2047-EFM, 2023 WL 3534328, at *5 (D. Kan. May 18, 2023), *reconsideration denied*, 2023 WL 4174533 (D. Kan. June 26, 2023) (rejecting expert opinion on topics on which he "ventur[ed] beyond his expertise").

### III.   Dr. Martinez's report is not reliable and should be excluded.

For many of the same reasons described above, Dr. Martinez's report should be excluded as unreliable and unhelpful. A court is not required "to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Schulenberg v. BNSF*, 911 F.3d 1276, 1283 (10th Cir. 2018) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). The expert's methodology must be reliable for the testimony to be admissible. *Daubert v. Merrell Dow*, 509 U.S. 579, 592 (1993). Dr. Martinez is not sufficiently familiar with the facts relevant to the opinions he provides, and his failure to include citations to authority throughout much of his report leaves the reader guessing as to the reliability of the information provided. *See* Doc 142, Ex. 1, Martinez Report; Ex. 2, Martinez Dep. 123:20–124:13.

Almost none of the allegations in Dr. Martinez's "History" sections include any citation to authority for his conclusions. *See* Doc. 142, Ex. 1, Martinez Report. Instead, he cites generalities such as the "view in the body of literature of race relations," providing no verifiable methodology to evaluate his theory. Doc. 142, Ex. 2, Martinez Dep. 83:15–84:24; 86:25–88:10. *But see Obrycka*, 792 F. Supp. 2d at 1024-25 (criticizing proffered expert's methodology and rejecting opinions that were inferred *ipse dixit* from his general knowledge).

The same flaws exist with respect to Dr. Martinez's conclusions regarding Dodge City. There, he again takes anecdotal information from non-peer-reviewed sources and generically applies others' theories to the situation. His reliance on information such as complaints from an unidentified resident of the City is indicative of the reliability of his conclusions. *See* Doc. 142, Ex. 1, Martinez Report, p. 5; *id.*, Ex. 2 at 139:6-140:25. The same is true of his conclusion that the City is "highly segregated," which he based on his observations driving around the City for the first time. Doc 142, Ex. 2, Martinez Dep. 153:13–17. Dr. Martinez's method of relying on very limited personal observations and non-peer-reviewed literature should be rejected. *See* Doc. 142, Ex. 2, Martinez Dep. at 225:22–226:9; 227:3–25; 237:3–12; 241:10–18; *Mosby v. Railey*, 2005 WL 8159837, at *3-4 (M.D. Fla. July 20, 2005) (rejecting expert report as not sufficiently reliable because it could not be tested and was not subject to peer review and publication); *Cooper v. City of Chicago Heights*, 2011 WL 2116394, at *5 (N.D. Ill. May 27, 2011) (rejecting expert who improperly generalized from other cities' data without methodology to make the connection).

### IV. Conclusion

Dr. Martinez has not demonstrated appropriate expertise in the subject matter on which he was retained to testify here, and his methodology is unreliable. Defendants request that the Court exclude Dr. Martinez's testimony.

Respectfully submitted,

**FOULSTON SIEFKIN LLP**

By: <u>*/s/ Anthony F. Rupp*</u>
    Anthony F. Rupp, KS #11590
    Tara Eberline, KS #22576
    Sarah E. Stula, KS #27156
    7500 College Boulevard, Suite 1400
    Overland Park, Kansas 66210
    T (913) 498-2100 | F (913) 498-2101
    trupp@foulston.com
    teberline@foulston.com
    sstula@foulston.com

    - and-

    Clayton J. Kaiser, KS #24066
    FOULSTON SIEFKIN, LLP
    1551 North Waterfront Parkway, Suite 100
    Wichita, Kansas 67206
    T (316) 267-6371 | F (316) 267-6345
    ckaiser@foulston.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on the 27th of October, 2023, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record, and a true and correct copy was served by electronic mail upon:

Sharon Brett, KS #28696
**AMERICAN CIVIL LIBERTIES UNION OF KANSAS**
sbrett@aclukansas.org

Chad W. Dunn *(Pro Hac Vice)*
Sonni Waknin *(Pro Hac Vice)*
Bernadette Reyes *(Pro Hac Vice)*
**UCLA VOTING RIGHTS PROJECT**
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org

Jonathan Topaz *(Pro Hac Vice)*
Sophia Lin Lakin *(Pro Hac Vice)*
Luis M. R. Roman *(Pro Hac Vice)*
**AMERICAN CIVIL LIBERTIES UNION, INC.**
jtopaz@aclu.org
slakin@aclu.org
lroman@aclu.org

Abena Mainoo *(Pro Hac Vice)*
Jonathan I. Blackman *(Pro Hac Vice)*
JD Colavecchio *(Pro Hac Vice)*
Mijin Kang *(Pro Hac Vice)*
Elizabeth R. Baggott *(Pro Hac Vice)*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
amainoo@cgsh.com
jblackman@cgsh.com
jdcolavecchio@cgsh.com
mkang@cgsh.com
ebaggott@cgsh.com

Scott Fuqua *(Pro Hac Vice)*
**FUQUA LAW & POLICY, P.C.**
scott@fuqualawpolicy.com

*ATTORNEYS FOR PLAINTIFFS*

 */s/ Anthony F. Rupp*