IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIGUEL COCA and ALEJANDRO RANGEL-LOPEZ, ) ) ) | |
| Plaintiffs, ) | Case No. 6:22-cv-01274-EFM-RES |
| ) vs. ) ) | |
| CITY OF DODGE CITY, *et al.* ) ) | |
| Defendants. ) ) | |

## MOTION TO DROP INDIVIDUAL DEFENDANTS
## AND THE DODGE CITY COMMISSION

The defendants move to drop the official-capacity commissioners and the Dodge City Commission as defendants from this action under Federal Rule of Civil Procedure 21.

Both the individual commissioner defendants and the Dodge City Commission should be dropped because they are redundant and unnecessary to this action and because two former commissioners, Defendants Smoll and Nuci, are no longer members of the Commission. Each commissioner defendant in this case is named solely in his official capacity. Moreover, neither Smoll nor Nuci have any authority to act because they are not members of the Commission. Thus, collectively, the five individual defendants do not serve as any current board and are not authorized to act on behalf of Dodge City.

In addition, the Court should drop the Dodge City Commission as a defendant in this action because it is not a jural entity that has capacity to sue or be sued under Federal Rule of Civil Procedure 17(b) and Kansas law.

**I.     Background**

This is a voting-rights action under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and the Fourteenth Amendment through 42 U.S.C. § 1983. The plaintiffs bring claims against the City of Dodge City, the Dodge City Commission, and five current or former Dodge City Commissioners: E. Kent Smoll, Michael Burns, Rick Sowers, Chuck Taylor, and Joseph Nuci. In January 2024, however, two new commissioners were sworn in and Commissioners Smoll and Nuci's tenure on the Commission ended. As a result, the five individual defendants in this case no longer compose the Dodge City Commission and cannot give Plaintiffs the relief they seek.

**II.    Argument**

Under Federal Rule of Civil Procedure 21, a court may, "at any time, on just terms, add or drop a party." District courts have "considerable discretion" to drop unnecessary parties on just terms. *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998).

In this case, the plaintiffs named as defendants the City of Dodge City, the Dodge City Commission, and five current or former Commissioners. But a suit against a municipal officer in his or her official capacity—here, the individual commissioners—is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Accordingly, courts in this district have routinely dismissed individuals named in their official capacities as unnecessary or redundant when plaintiffs have also joined their respective municipal entities as defendants. *See, e.g.*, *Quintero v. City of Wichita*, No. 15-1326-EFM-GEB, 2016 WL 5871883, at *1 (D. Kan. Oct. 7, 2016) (dismissing official-capacity claims against municipal police officer where the plaintiff also sued the municipality; reasoning that "[w]hen a plaintiff names both a municipality and a municipal officer in his official capacity as defendants in an action, the suit against the officer is redundant, confusing, and unnecessary and should be

2

dismissed"); *see also Ala. State Conf. of the NAACP v. City of Pleasant Grove*, 372 F. Supp. 3d 1333, 1338-39 (N.D. Ala. 2019) (dismissing mayor and city council members as "needlessly redundant" in a case alleging both "constitutional and Voting Rights act claims," even where the case "present[ed] no risk of jury confusion").

Similarly, the Dodge City Commission exists only to exercise the powers that Kansas law gives Dodge City under K.S.A. 12-101. *See* K.S.A. 12-103 ("The powers hereby granted shall be exercised by the governing body of such city."). Accordingly, because the plaintiffs can obtain complete relief from the City of Dodge City as the sole defendant in this case, the Dodge City Commission is a redundant and unnecessary defendant.

Finally, Court should separately drop the Dodge City Commission as a defendant because it is not a jural entity subject to suit. Under Federal Rule of Civil Procedure 17(b), state law governs parties' capacity to sue or be sued. Here, Kansas law provides that cities may sue or be sued, K.S.A. 12-101, but provides no similar provision for governing bodies like the Dodge City Commission, who merely exercise the city's authority, *see* K.S.A. 12-103. *See also Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1337 (D. Kan. 2001) ("Absent authority expressly given by statute or ordinance, an agency of a city does not have the capacity to sue or to be sued as a separate entity; the city is a necessary and indispensable party to any action filed either by or against the agency." (quotations omitted)); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1562 (3d ed. Apr. 2023 update) ("Although a municipal corporation and the individual members of the city council may have capacity to sue and be sued, the council itself or other departments within city government may not be deemed independent legal entities for purposes of Rule 17(b) and thus will lack capacity.").

### III. Conclusion

The defendants respectfully request that the Court drop: (1) the Dodge City Commission and Commissioners Kent Smoll, Michael Burns, Rick Sowers, Chuck Taylor, and Joseph Nuci from this action as unnecessary and redundant; and (2) the Dodge City Commission for its lack of authority to sue or be sued.

Respectfully submitted,

**FOULSTON SIEFKIN LLP**

By: */s/ Samuel J. Walenz*
    Anthony F. Rupp, KS #11590
    Tara Eberline, KS #22576
    Sarah E. Stula, KS #27156
    7500 College Boulevard, Suite 1400
    Overland Park, Kansas 66210
    T (913) 498-2100 | F (913) 498-2101
    trupp@foulston.com
    teberline@foulston.com
    sstula@foulston.com

    - and-

    Clayton J. Kaiser, KS #24066
    Samuel J. Walenz, KS #29114
    FOULSTON SIEFKIN, LLP
    1551 North Waterfront Parkway, Suite 100
    Wichita, Kansas 67206
    T (316) 267-6371 | F (316) 267-6345
    ckaiser@foulston.com
    swalenz@foulston.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 14th of February 2024, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record:

Sharon Brett, KS #28696
Kunyu L. Ching, KS #29807
**AMERICAN CIVIL LIBERTIES UNION OF KANSAS**
sbrett@aclukansas.org
kching@aclukansas.org

 -and-

Chad W. Dunn *(Pro Hac Vice)*
Sonni Waknin *(Pro Hac Vice)*
Bernadette Reyes *(Pro Hac Vice)*
**UCLA VOTING RIGHTS PROJECT**
chad@uclavrp.org
sonni@uclavrp.org
bernadette@uclavrp.org

 -and-

Jonathan Topaz *(Pro Hac Vice)*
Sophia Lin Lakin *(Pro Hac Vice)*
Luis M. R. Roman *(Pro Hac Vice)*
Victoria Ochoa *(Pro Hac Vice)*
**AMERICAN CIVIL LIBERTIES UNION, INC.**
jtopaz@aclu.org
slakin@aclu.org
lroman@aclu.org
vochoa@aclu.org

Abena Mainoo *(Pro Hac Vice)*
Jonathan I. Blackman *(Pro Hac Vice)*
Mijin Kang *(Pro Hac Vice)*
Katherine M. MacAdam *(Pro Hac Vice)*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
amainoo@cgsh.com
jblackman@cgsh.com
mkang@cgsh.com
kmacadam@cgsh.com

 -and-

Scott Fuqua *(Pro Hac Vice)*
**FUQUA LAW & POLICY, P.C.**
scott@fuqualawpolicy.com

*ATTORNEYS FOR PLAINTIFFS*

*/s/ Samuel J. Walenz*
Samuel J. Walenz, KS #29114